ARTHUR BROOKER, Appellant, v. VICTOR ORSELL, SR. et al., Respondents. GERALD BROOKER, JR., Appellant, v. VICTOR ORSELL, SR., et al., Respondents.— Appeals by plaintiffs from judgments of the Supreme Court, Fulton County, entered upon verdicts for plaintiffs (for $1,500 in the case of Arthur Brooker and for $200 in the case of Gerald Brooker, Jr.) in personal injury negligence actions, and from orders denying motions to set aside said verdicts as inadequate.

Plaintiff Arthur Brooker's right hand was caught in the car door. His attending physician found a fracture of the thumb, to which a splint was applied for about four weeks; he " assumed " a fracture of one rib which was strapped for 10 or 12 days and bandaged for a time thereafter; and found an injury in the metacarpal area of the hand which he treated with injections between the joints and with diathermy for an extended period. Four months after the accident, the physician referred plaintiff to an orthopedist who found swelling of the entire metacarpal area, some restriction of intra-metacarpal motion and (upon X-ray) an avulsion fracture involving a very small segment of bone adjacent to the first bone in the middle finger. He recommended repeated injections of hydrocortisone and exercise. On re-examination 17 months after the accident, his objective findings were the same, he noted weakness of the finger muscles and testified to permanent partial disability consisting of limitation of ability to straighten the middle and ring fingers and weakness of abduction or finer hand movements. The attending physician testified on the trial (a few days after the specialist's re-examination) that there remained nothing radically wrong with the hand except a grip less than that of the left hand. Although defendants' medical expert three months after the accident found no permanency he offered little specific factual contradiction of the clear and convincing findings of the orthopedist and, indeed, contented himself largely with the observation that the hand was " functionally fairly normal ". In our view, it could not properly be found, as suggested by respondents, that the condition was due to one of the other accidents disclosed on the trial. There was, however, a substantial issue as to whether plaintiff was actually or regularly employed as a weaver in a carpet factory, such work apparently paying substantial wages and, also, requiring frequent use of the hand in cutting with scissors. At the time of the accident he had been laid off for some time and he offered no evidence as to his earnings from the odd jobs at which he worked after the accident. The finding, implicit in the verdict, of no substantial loss of earnings cannot, therefore, be disturbed. Otherwise, however, the verdict was clearly inadequate. Plaintiff's medical expenses were $408. In our view, he was fairly entitled to recover $3,000. Plaintiff Gerald Brooker, Jr. sustained an injury to his ankle; he was directed by his physician to use crutches and did so for two or three weeks. The jury was not bound to find the back strain which was alleged. His medical expenses were $178. His supposed loss of earnings is questionable. A verdict of less than $750 seems to us inadequate. We have considered appellants' contentions, additional to that of inadequacy, and find no error of sufficient substance to require a new trial in any event. Judgment and order in each action reversed, on the law and the facts, and a new trial ordered, with costs to appellants, unless, within 20 days after service of a copy of the order to be entered hereon in each appeal, the defendants shall (in either or both actions) stipulate to increase the verdict, that in the Arthur Brooker action to the sum of $3,000 and that in the Gerald Brooker, Jr., action to the sum of $750, in which event the judgment in each action in which the verdict is so increased is affirmed, with costs to appellant.